# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

German Sanchez,  :
       Petitioner  :
  :
    v.     :   No. 85 C.D. 2022
  :   Submitted: December 4, 2023
Petrolongo Contractors, Inc.  :
(Workers' Compensation Appeal  :
Board),        :
      Respondent  :


BEFORE:   **HONORABLE RENÉE COHN JUBELIRER,** President Judge
       **HONORABLE CHRISTINE FIZZANO CANNON,** Judge
       **HONORABLE ELLEN CEISLER,** Judge

<u>**OPINION NOT REPORTED**</u>

**MEMORANDUM OPINION BY**
**PRESIDENT JUDGE COHN JUBELIRER**   **FILED: January 10, 2024**


   German Sanchez (Claimant) petitions for review of an Order of the Workers' Compensation Appeal Board (Board) affirming a Decision of a Workers' Compensation Judge (WCJ) that granted the Petition to Modify Compensation Benefits (Modification Petition) filed by Petrolongo Contractors, Inc. (Employer) and modified Claimant's disability status from temporary total disability (TTD) to temporary partial disability (TPD) based upon an impairment rating evaluation (IRE) performed under Section 306(a.3) of the Workers' Compensation Act (WC Act),[1] which was added by Section 1 of the Act of October 24, 2018, P.L. 714, No. 111 (Act 111). Claimant argues Act 111 is a substantive change in the law and its retroactive application divests him of a vested right in the continuation of workers' compensation benefits in violation of the Remedies Clause of article I, section 11 of

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 511.3.

the Pennsylvania Constitution, PA. CONST. art. I, § 11.[2] Claimant further recognizes this Court has rejected such arguments in *Pierson v. Workers' Compensation Appeal Board (Consol Pennsylvania Coal Company LLC)*, 252 A.3d 1169 (Pa. Cmwlth.), *appeal denied*, 261 A.3d 378 (Pa. 2021), but nonetheless asks the Court to reconsider that holding.

The instant matter raises purely legal issues, and the pertinent facts are not in dispute. On July 15, 2004, Claimant suffered a work injury after being pinned against a wall by a backhoe. (WCJ Decision, Finding of Fact (FOF) ¶ 3(d).) Claimant suffered what Employer described as a lumber sprain and strain. (Modification Petition, Reproduced Record (R.R.) at 4a.) On July 25, 2019, Claimant was ordered by another WCJ to attend an IRE, which was originally scheduled for January 15, 2019. (FOF ¶ 1.) Despite receiving notice of the January IRE, Claimant did not actually undergo the IRE with Christopher Belletieri, D.O. until September 5, 2019. (*Id.* ¶¶ 1, 3(c).) Based on his evaluation, Dr. Belletieri determined Claimant had a 33% impairment rating using the American Medical Association's *Guides to the Evaluation of Permanent Impairment*, Sixth Edition, second printing (*Guides*). (*Id.* ¶ 3(c), (i).) On October 16, 2019, Employer filed the Modification Petition, seeking to have Claimant's benefits changed from TTD to TPD based upon the IRE. (R.R. at 4a.)

---

[2] The Remedies Clause provides, in relevant part:

> All courts shall be open; and every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay. . . .

PA. CONST. art. I, § 11.

Before the WCJ, Employer submitted the deposition testimony of Dr. Belletieri, which detailed the IRE and his opinions.[3] Claimant testified at a video hearing on his own behalf.[4] He did not offer any medical evidence to challenge the impairment rating. (FOF ¶ 6.) While Claimant argued the IRE was premature, the WCJ found the argument unpersuasive and modified Claimant's benefits to TPD as of January 15, 2019, the date the IRE was originally scheduled. (*Id.* ¶ 8.)

Claimant appealed to the Board arguing Act 111 could not be retroactively applied to him because his injury predated its effective date. Alternatively, Claimant argued an IRE could not be performed until 104 weeks after Act 111 became effective. Noting that constitutional issues are outside its purview, the Board nonetheless stated it was proper for it to apply appellate court precedent that has addressed constitutional issues. Citing Section 3 of Act 111[5] and this Court's interpretation of that provision in *Rose Corporation v. Workers' Compensation Appeal Board (Espada)*, 238 A.3d 551 (Pa. Cmwlth. 2020), and *Pierson*, the Board

---

[3] Dr. Belletieri's deposition testimony and related exhibits can be found in the Reproduced Record at pages 124a through 172a and is summarized in finding of fact 3.

[4] Claimant's testimony can be found in the Reproduced Record at pages 59a through 100a and is summarized in finding of fact 4.

[5] Section 3 of Act 111 provides:

(1) For the purposes of determining whether an employee shall submit to a medical examination to determine the degree of impairment and whether an employee has received total disability compensation for the period of 104 weeks under [S]ection 306(a.3)(1) of the [WC A]ct, an insurer shall be given credit for weeks of total disability compensation paid prior to the effective date of this paragraph. This section shall not be construed to alter the requirements of [S]ection 306(a.3) of the [WC A]ct.

(2) For the purposes of determining the total number of weeks of partial disability compensation payable under [S]ection 306(a.3)(7) of the [WC A]ct, an insurer shall be given credit for weeks of partial disability compensation paid prior to the effective date of this paragraph.

concluded Claimant's arguments were previously addressed and rejected by this Court and, therefore, affirmed the WCJ's Decision.

Thereafter, Claimant filed a timely Petition for Review with this Court.[6] Claimant argues Act 111 essentially reinstituted the IRE provisions that the Supreme Court had declared invalid.[7] Because Act 111 purports to apply to all injuries, regardless of when they occurred, Claimant argues applying Act 111's provisions to a claimant like him, whose injury predates the effective date of Act 111, results in Act 111 being retroactively applied, despite it being a substantive change in the law. As a result, Claimant asserts it violates his vested right under the Remedies Clause to be free from the IRE process. Even if Act 111 was applicable, Claimant asserts that the IRE was premature because 104 weeks had not passed since Act 111's enactment. Claimant further argues *Pierson*, which holds otherwise, was wrongly decided and should be revisited.

Employer responds that this Court has previously rejected Claimant's arguments and substantial, competent evidence supports the grant of its Modification Petition. Thus, the Court should affirm the Board's Order.

---

[6] Our review is limited to determining whether constitutional rights were violated, whether errors of law were committed, or whether necessary findings of fact are supported by substantial evidence. *Universal Am-Can, Ltd. v. Workers' Comp. Appeal Bd. (Minteer)*, 762 A.2d 328, 331 n.2 (Pa. 2000).

[7] In *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 161 A.3d 827 (Pa. 2017), the Pennsylvania Supreme Court struck down the IRE provision found in former Section 306(a.2) of the WC Act, added by Section 4 of the Act of June 24, 1996, P.L. 350, *formerly* 77 P.S. § 511.2, repealed by Act 111, as an unconstitutional delegation of legislative authority. Act 111 differs from its predecessor in a couple ways. First, it specifies that IREs are to be performed using the Sixth Edition, "second printing April 2009" version of the *Guides*, instead of "the most recent edition of the . . . *Guides*," as the former IRE provision did. *Compare* 77 P.S. § 511.3, *with former* 77 P.S. § 511.2. Second, claimants are now presumed to be totally disabled if their impairment rating is greater than or equal to 35%, whereas under the former IRE provision, the threshold was 50%. *Compare* 77 P.S. § 511.3(2), *with former* 77 P.S. § 511.2(2).

4

In *Pierson*, the claimant underwent an IRE and had his disability status modified to partial after the enactment of Act 111. Similar to Claimant here, the claimant in *Pierson* argued Act 111 was a substantive, not a procedural change in the law and, thus, could not be applied retroactively without violating his vested right in benefits as secured by the Remedies Clause. This Court rejected those arguments, holding that the claimant's "'vested rights' have not been abrogated by Act 111," 252 A.3d at 1180, because "there are reasonable expectations under the Act that benefits may change," *id.* at 1179. We explained that Act 111 did not automatically strip a claimant of any rights; rather, Act 111 provided employers with a mechanism to modify a claimant's disability status from total to partial. *Id.*

The claimant in *Pierson* also asserted, like Claimant here, that the IRE was premature because fewer than 104 weeks had passed between the enactment of Act 111 and the IRE. Citing *Rose Corporation*, the Court explained that Act 111 plainly provides for credit of weeks of temporary total and partial disability benefits previously paid and that the General Assembly explicitly provided the credit provisions were to be given retroactive effect. *Pierson*, 252 A.3d at 1179-80. *Rose Corporation* also holds that the plain language of Section 3 of Act 111 explicitly gives employers credit for previous weeks of disability benefits paid. 238 A.3d at 563.

In *Hutchinson v. Annville Township (Workers' Compensation Appeal Board)*, 260 A.3d 360, 366-67 (Pa. Cmwlth. 2021), the Court reaffirmed these holdings. Claimant asks the Court to revisit its holding in *Pierson*, claiming it was wrongly decided. We note that other claimants have invited the Court to revisit this holding on similar grounds, but we have repeatedly declined to do so. *See, e.g.*, *Dunetz v. Charles H. Sacks, D.M.D., P.C. (Workers' Comp. Appeal Bd.)*, 304 A.3d 134, 144

5

(Pa. Cmwlth. 2023) (en banc); *Burkett v. Jimi Enters., Inc (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 41 C.D. 2022, filed June 26, 2023), slip op. at 9-11; *Tedesco v. Kane Freight Lines, Inc. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 1270 C.D. 2021, filed May 19, 2023), slip op. at 11-12; *Leissner v. City of Phila. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 1451 C.D. 2021, filed May 17, 2023), slip op. at 3-4; *DiPaolo v. UPMC Magee Women's Hosp. (Workers' Comp. Appeal Bd.)*, 278 A.3d 430, 435 (Pa. Cmwlth. 2022), *appeal denied*, (Pa., No. 191 WAL 2022, filed Jan. 3, 2023); *Yuille v. City of Phila. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 490 C.D. 2022, filed Jan. 31, 2023), slip op. at 7-8; *City of Pittsburgh v. Dobbs (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 1431 C.D. 2021, filed Jan. 27, 2023), slip op. at 9-10, *appeal denied*, (Pa., No. 87 WAL 2023, Oct. 4, 2023); *Harold v. Abate Irwin, Inc. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 879 C.D. 2021, filed June 13, 2022), slip op. at 7-8, *appeal denied*, (Pa., No. 192 WAL 2022, filed Jan. 3, 2023); *Hazzouri v. Pa. Tpk. Comm'n (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 889 C.D. 2021, filed Apr. 28, 2022), slip op. at 7-8, *appeal denied*, (Pa., No. 223 MAL 2022, filed Nov. 22, 2022); *Bundschuh v. Gwynedd Veterinary Hosp., Inc. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 556 C.D. 2021, filed Apr. 11, 2022), slip op. at 7-8, *appeal denied*, (Pa., No. 184 MAL 2022, filed Sept. 7, 2022); *Sochko v. Nat'l Express Transit Serv. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 490 C.D. 2021, filed Mar. 16, 2022), slip op. at 9-10, 13; *Hender-Moody v. Am. Heritage Fed. Credit Union (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 166 C.D. 2021, filed Feb. 15, 2022), slip op. at 5-7, *appeal denied*, (Pa., No. 127 MAL 2022, filed Aug. 23, 2022); *Sobol v. Select Med. Corp. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 799 C.D. 2021, filed May 18, 2022), slip op. at 4-5; *Tufano v. Tammy L. Clause, P.C.*

*(Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 803 C.D. 2021, filed May 13, 2022), slip op. at 9, *appeal denied*, (Pa., No. 254 MAL 2022, filed Nov. 21, 2022); *Dohn v. Beck N' Call (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 103 C.D. 2021, filed Sept. 20, 2021), slip op. at 9-10, *appeal denied*, (Pa., No. 575 MAL 2021, filed Mar. 14, 2022).[8] "Because our analysis in *Pierson* [and its progeny] is directly applicable and controlling here, we reject Claimant's constitutional challenges to Act 111." *Hender-Moody*, slip op. at 7. Moreover, because Claimant does not proffer a persuasive reason why we should revisit our holding in *Pierson*, we decline to do so. Accordingly, we affirm the Board's Order.

**RENÉE COHN JUBELIRER,** President Judge

---

[8] Unreported panel decisions of this Court may be cited for their persuasive value pursuant to Rule 126(b)(1) of the Pennsylvania Rules of Appellate Procedure, Pa.R.A.P 126(b)(1), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

German Sanchez,               :
               Petitioner     :
                            :
        v.              :   No.  85 C.D. 2022
                            :
Petrolongo Contractors, Inc.    :
(Workers' Compensation Appeal  :
Board),                        :
              Respondent   :

## O R D E R

NOW, January 10, 2024, the Order of the Workers' Compensation Appeal Board, entered in the above-captioned matter, is **AFFIRMED**.

 

_____
**RENÉE COHN JUBELIRER,** President Judge